IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

PAM LYDE, §
 §
 Plaintiff, §
 §
v. §
 § CIVIL ACTION NO. H-16-3293
THE BOEING COMPANY, §
 §
 §
 Defendant. §

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Pam Lyde, brought suit against Defendant, The Boeing Company, for gender discrimination under Title VII of the Civil Rights Act of 1964, as amended, and for age discrimination under the Age Discrimination in Employment Act of 1967. Plaintiff has filed a Motion to Dismiss with Prejudice. Defendant does not oppose the dismissal but requests attorneys' fees for costs incurred in preparing a motion for summary judgment.

**I. Factual and Procedural Background**

Plaintiff worked for Defendant for approximately 25 years before she was terminated from employment. Plaintiff brought an action for damages arising out of gender and age discrimination on November 7, 2016.[1] On June 1, 2017, Defendant's counsel emailed

---

[1] See Plaintiff Pam Lyde's Original Complaint, Docket Entry No. 1, pp. 7-8.

Plaintiff's counsel a copy of a July 18, 2014, Release of Waiver Agreement between Plaintiff and Defendant and stated that under the agreement "Ms. Lyde lacks any basis to maintain the above-referenced lawsuit, and Boeing requests that she immediately dismiss her lawsuit with prejudice."[2] The email further stated "[i]f Ms. Lyde does not move to dismiss her lawsuit by Friday, June 2, 2017, Boeing will file an appropriate motion or pleading with the court . . . and will seek its attorneys' fees and costs incurred in filing the motion."[3] On June 6, 2017, Defendant's counsel sent an email to Plaintiff's counsel asking if Plaintiff was going to dismiss the action with prejudice.[4] On July 21, 2017, Defendant filed a Motion for Summary Judgment seeking dismissal of Plaintiff's lawsuit for the reasons stated in the June 1 email.[5] On July 31, 2017, Plaintiff's counsel emailed Defendant's counsel asking if Defendant opposed a proposed motion to dismiss in which Plaintiff requested that each side pays its own costs. Defendant's counsel replied that Plaintiff would have to reimburse Defendant for the fees and expenses incurred in preparing its Motion for

---

[2]See Defendant's Response to Plaintiff's Motion to Dismiss and Request for Attorney's Fees, Docket Entry No. 16, Exhibit A.

[3]Id.

[4]See Defendant's Response to Plaintiff's Motion to Dismiss and Request for Attorney's Fees, Docket Entry No. 16, Exhibit B.

[5]See Defendant The Boeing Company's Motion for Summary Judgment, Docket Entry No. 14.

Summary Judgment.[6] The next day Plaintiff filed its Motion to Dismiss with Prejudice requesting that the parties bear their own attorneys' fees, costs, and other expenses incurred.[7] In its Response to Plaintiff's Motion to Dismiss and Request for Attorneys's Fees (Docket Entry No. 16) Defendant does not oppose dismissal of Plaintiff's lawsuit with prejudice, but asks the Court to award costs and attorneys' fees incurred in preparing and filing its Motion for Summary Judgment pursuant to 28 U.S.C. § 1927.

## II. Applicable Law

Under 28 U.S.C. § 1927 ("Section 1927"), "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. To find an attorney multiplied proceedings "unreasonably" and "vexatiously" there must "be evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." Payne v. University of S. Mississippi, 681 F. App'x 384, 388 (5th Cir. 2017); Proctor & Gamble Co. v. Amway Corp., 280 F.3d 519, 525 (5th Cir. 2002); Edwards v. General Motors Corp., 153 F.3d 242, 246 (5th Cir. 1998).

---

[6]See Defendant's Response to Plaintiff's Motion to Dismiss and Request for Attorney's Fees, Docket Entry No. 16, Exhibit C.

[7]See Motion to Dismiss with Prejudice, Docket Entry No. 15.

The Fifth Circuit construes Section 1927 strictly and applies sanctions sparingly. Lawyers Title Ins. Corp v. Doubletree Partners, L.P., 739 F.3d 848, 871-72, (5th Cir. 2014); Meadowbriar Home for Children, Inc. v. Gunn, 81 F.3d 521, 535 (5th Cir. 1996); Baulch v. Johns, 70 F.3d 813, 817 (5th Cir. 1995). Section 1927 applies only to costs associated with "the persistent prosecution of a meritless claim." See, e.g., Walker v. City of Bogalusa, 168, F.3d 237, 240 (5th Cir. 1999); Pease v. Pakhoed Corp., 980 F.2d 995, 1001 (5th Cir. 1993); Browing v. Kramer, 931 F.2d 340, 345-46 (5th Cir. 1991); Ponder v. Wersant,17-cv-00537, 2017 WL 3923544 (S.D. Tex Sept. 5, 2017).

Courts have imposed sanctions under Section 1927 when an attorney made repeated filings despite warnings from the court or in other instances of excessive and egregious litigiousness. National Ass'n. of Government Employees, Inc. v. National Federation of Federal Employees, 844 F.2d 216, 224 (5th Cir. 1988). Sanctions will not be imposed for the mere negligence of an attorney. Baulch v. Johns, 70 F.3d 813, 817 (5th Cir. 1995); Hahn v. City of Kenner, 1 F.Supp.2d 614, 617-18 (E.D. La. 1998).

### III. Analysis

Defendant argues that an award of attorneys' fees is appropriate because Plaintiff waited until after Defendant filed its Motion for Summary Judgment to respond to Defendant's initial request that Plaintiff dismiss her lawsuit. Because Plaintiff has

not provided any explanation for her failure to respond timely to Defendant's request Defendant argues "Plaintiff's silence appears to have been a calculated decision aimed at unnecessarily increasing Defendant's costs."[8]

Although the Court agrees that Plaintiff's counsel should have moved to dismiss earlier, the Court does not find that this conduct meets the standard to impose sanctions under Section 1927. See Rodriguez v. IC System, No. 16-cv-00186, 2017 WL 2105679, at *4 (W.D. Tex. May 12, 2017). In Rodriguez, the plaintiff waited until the defendant filed its Motion for Summary Judgment, then filed his Motion to Dismiss on the same day he filed his response to the defendant's motion. Id. The court agreed that the plaintiff should have moved for dismissal before the defendant filed its motion, but held that "Plaintiff's counsel was, at most, sluggish in prosecuting this case. . . . [and] that counsel's conduct did not rise to the level of deserving sanctions under 28 U.S.C. § 1927." Id. As in Rodriguez, here there is no evidence, other than silence by the Plaintiff, that shows bad faith, improper motive, or reckless disregard of the duty owed to the court. The Court is not persuaded that Plaintiff's delay in dismissing the case warrants sanctions under Section 1927.

---

[8]See Defendants' Response to Plaintiff's Motion to Dismiss and Requests for Attorneys' Fees, Docket Entry No. 16, p. 3.

## IV. Conclusion

Because the Court concludes that Defendants are not entitled to recover costs and fees under 28 U.S.C. § 1927, Defendant's Request for attorneys' fees and costs is **DENIED** and Plaintiff's Motion to Dismiss will be **GRANTED**.

**SIGNED** at Houston, Texas, on this 27th day of September, 2017.

SIM LAKE
UNITED STATES DISTRICT JUDGE